IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                            No. 12-1283

MICHAEL BEASLEY,

     Defendant.

_____

ORDER DIRECTING THE GOVERNMENT TO SUPPLEMENT ITS RESPONSE
_____

On December 7, 2012, Defendant, Michael Beasley, filed a motion pursuant to 28 U.S.C. § 2255 to reduce his sentence based on a retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), under *Dorsey v. United States*, 132 S. Ct. 2321 (2012). (Docket Entry "D.E." 1.) The Government filed an answer on February 13, 2013, arguing that 18 U.S.C. § 3582(c) rather than § 2255 is the proper vehicle for a *Dorsey* challenge. (D.E. 5.)

On September 21, 2009, the grand jury returned an indictment charging Beasley with one count of possession with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), Indictment, *United States v. Beasley*, No. 09-10107, (W.D. Tenn. Sept. 21, 2009), D.E. 1, and he pleaded guilty on January 26, 2012, Min. Entry, *Id.*, D.E. 54. Beasley was sentenced on May 1, 2012, to 60 months imprisonment, the statutory minimum imposed by § 841 at the time of his indictment. Min. Entry, *Id.*, D.E. 62; J, *Id.*, D.E. 63. The duration of the sentence was based on the plea agreement between Defendant and the Government pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See* Plea Agreement ¶ 4, *Id.*, D.E. 55.

As an initial matter, Beasley properly brought this motion under § 2255. The Sixth Circuit has explained that a "motion argu[ing] that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing . . . is rightly construed as a motion to amend sentencing pursuant to § 3582." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). However, a motion seeking relief under § 3582 that "otherwise attacks the petitioner's underlying conviction or sentence . . . is an attack on the merits of the case and should be construed as a § 2255 motion." *Id.* Here, Defendant argues that the Fair Sentencing Act's new statutory minimum should be retroactively applied under *Dorsey*, not that a guideline amendment should operate to reduce his sentence. Section 3582 does not grant courts the authority to alter a statutory minimum sentence under *Dorsey*. *See United States v. Passmore*, 503 F. App'x 340, 341–42 (6th Cir. 2012). The Sixth Circuit has explicitly left open the possibility that a defendant may raise a *Dorsey* claim through a § 2255 motion, *Id.* at 342, and other courts have recognized § 2255 as a valid—perhaps the *only* valid—avenue for *Dorsey* relief, *see Sanders v. United States*, No. 1:09-CR-98(13), 2015 WL 1285330, at *4 (E.D. Tenn. Mar. 19, 2015) ("[I]t appears that, if the Court has authority to correct Sanders's sentence in this circumstance, such authority is derived from 28 U.S.C. § 2255."); *United States v. Little*, No. 10-20170, 2013 WL 5819629, at *4 (E.D. Mich. Oct. 29, 2013) (granting *Dorsey* relief under § 2255). Therefore, the Court will not deny Defendant's motion on the basis that it should have been brought under § 3582(c).

In responding to the § 2255 motion, however, the Government relied solely on an argument that § 3582(c) was the proper vehicle for relief, and it did not address the substance of

Beasley's claim that he is entitled to a reduction in his sentence under *Dorsey*. Accordingly, the Court DIRECTS the United States to supplement its answer to address this issue. The Government is GRANTED twenty-five days from the entry of this order to file an amended answer.

IT IS SO ORDERED this 6th day of May 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE